**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| DALE WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:25-cv-01030-TLP-tmp |
| v. | ) | |
| | ) | |
| H. JACK HOLMES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Pro se Plaintiff Dale Wilson sued many Defendants asserting claims under federal and state law. (*See* ECF Nos. 2, 78.) The Court referred this case to Chief Magistrate Judge Tu M. Pham to manage all pretrial matters. *See* Admin. Order No. 2013-05. All Defendants now move to dismiss. (ECF Nos. 75, 85, 86, 88, 90.) Judge Pham issued a Report and Recommendation (R&R") recommending that the Court grant the Motions. (ECF No. 96.) For the reasons below, the Court **ADOPTS** the R&R, **GRANTS** the Motions to Dismiss, and **DISMISSES** Plaintiff's claims.

**BACKGROUND**

The Magistrate Judge Pham described this case's background and the allegations in the Third Amended Complaint.[1] The Court briefly recounts those details here.

This case arises out of state probate proceedings. After Plaintiff's son, Adam Wilson ("Adam"), passed away, it appeared that he had died without leaving a will. (*See* ECF No. 44 at

[1] In his R&R, Judge Pham proposed findings of fact. (*See* ECF No. 96 at PageID 951–57.) Plaintiff did not object to his findings.

PageID 473.) So Judge Christi Little appointed Plaintiff as Administrator of Adam's estate. (*Id.*) But Defendants H. Jack Holmes and Nancy McHaney later brought to probate court what they claimed, and the Tennessee Circuit Court later found, to be Adam's Will. (*Id.* at PageID 473–74.) Judge Little then revoked Plaintiff's Letters of Administration and appointed Holmes and McHaney as Administrators of the estate. (*Id.* at PageID 474.) Plaintiff challenged the Will, and Circuit Judge Kyle Atkins found that the Will was valid. (*Id.*)

Plaintiff sued here on January 30, 2025. (ECF No. 2.) His Complaint named Defendants Holmes, McHaney, Charles Exum, Christina McConnell, Lili Griffin, Judge Little, Marci Willis, Michelle Mysinger, Anna Jordan, and Judge Atkins ("Individual Defendants"). (ECF No. 2.) Plaintiff then moved to amend his Complaint several times. (ECF Nos. 44, 53, 54, 58.) Judge Pham granted the requests (*see* ECF No. 63), and Plaintiff's operative pleading is now the Third Amended Complaint. (ECF No. 78.) The Third Amended Complaint removes Judges Little and Atkins as Defendants and adds Madison County, Tennessee ("Madison County"). (*Id.* at PageID 663.)

Plaintiff asserts five claims seeking monetary damages plus claims for declaratory and injunctive relief. (*Id.* at PageID 669–72.)

Count One alleges that under 42 U.S.C. § 1983, the Individual Defendants violated Plaintiff's inheritance rights, his role as personal representative, his right to contest Adam's will, and his right to protect the estate. (*Id.* at PageID 669.) Plaintiff further alleges that all the Individual Defendants acted under color of state law and "deprived [him] of these interests without due process." (*Id.*)

Count Two is a 42 U.S.C. § 1985 claim also asserted against the Individual Defendants. (*Id.* at PageID 669–70.) Plaintiff claims that "Defendants entered into a conspiracy and

understanding to obstruct Plaintiff's access to fair court proceedings, to hide the forgery and asset diversion, and to prevent accurate judicial review." (*Id.* at PageID 670.)

Count Three alleges state-law fraud and extrinsic fraud against Defendants Holmes, McHaney, Exum, McConnell, Griffin, Willis, Mysinger, and Jordan. (*Id.*) Plaintiff asserts that these Defendants, among other things, "engaged in a scheme to defraud Plaintiff and the courts by promoting a forged will, using forged or coerced signatures, executing and relying on unattached Attestation Statements, filing misleading or incomplete documents, manipulating scheduling, and hiding critical evidence and motions." (*Id.*)

Count Four is a denial-of-access-to-courts claim under § 1983 alleging that the Individual Defendants "deprived Plaintiff of meaningful access to courts by obstructing subpoenas, blocking access to files, hiding motions and affidavits, manipulating the docket, relying on a will that the court itself found did not meet statutory requirements, participating in a system where courts of record kept no record, and benefiting from a court clerk and sheriff's department practice that barred pro se litigants from bringing phones or recording devices into the courthouse." (*Id.* at PageID 670–71.)

Finally, Count Five asserts a § 1983 *Monell* claim against Madison County. (*Id.* at PageID 671.) Plaintiff alleges failure to train, "tolerance and enforcement of a sheriff's and clerk's practice that barred pro se litigants from entering the courthouse with phones or recording devices, while not equally applied to attorneys and insiders," failure to ensure court proceedings "were actually recorded and transcribed," and failure to investigate misconduct. (*Id.*)

Defendants all moved to dismiss.[2] (ECF Nos. 75, 85, 86, 88, 90.) And Plaintiff responded in opposition. (ECF Nos. 87, 92, 93.) After review, Judge Pham recommended granting Defendants' Motions. (ECF No. 96.)

The thirty-page R&R methodically analyzes the parties' arguments. In sum, Judge Pham's Proposed Conclusions of Law are: (1) Judges Little and Atkins should be dismissed because Plaintiff removed them from his Third Amended Complaint (*id.* at PageID 956–57); (2) Griffin and Jordan should be dismissed because, as a court clerk and judicial assistant, they are entitled to quasi-judicial immunity (*id.* at PageID 958); (3) Plaintiff's §§ 1983 and 1985 claims are time barred and equitable tolling does not apply (*id.* at PageID 958–66); (4) even if the statute of limitations did not bar the § 1985 claim, Plaintiff fails to assert a valid claim for civil conspiracy (*id.* at PageID 966–68); (5) even if the statute of limitations did not bar the § 1983 claim, Plaintiff cannot sue private actors under the statute (*id.* at PageID 968–70); (6) Madison County should be dismissed because Plaintiff fails to state a *Monell* claim against it (*id.* at PageID 970–77); and (7) Plaintiff's fraud and extrinsic claims fail because Plaintiff has not alleged them with particularity (*id.* at PageID 977–80).

Plaintiff timely objected. (ECF No. 97.) Defendants Griffin, Madison County, and Jordan replied. (ECF Nos. 98, 99.)

## LEGAL STANDARD AND OBJECTIONS

A magistrate judge may submit to a district court judge proposed findings of fact and a recommended ruling on certain dispositive pretrial matters, including motions to dismiss. *See* 28

[2] Defendants moved to dismiss the original Complaint as well. (ECF Nos. 30, 34, 38, 40.) But Judge Pham issued an R&R recommending that the Court deny the Motions as moot because Plaintiff had amended his Complaint. (ECF No. 64.) The Court adopted that R&R in October 2025. (ECF No. 70.)

U.S.C. § 636(b)(1)(A)–(B). The parties may object to those proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b)(3). And if neither party objects, then the district court reviews the R&R for clear error. Fed. R. Civ. P. 72(b) advisory committee's note. But if there is an objection, the district court reviews the "properly" objected-to portions of the R&R de novo. Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

Objections come with limits. Typically a party cannot raise new arguments or issues in objections that it did not first present to the magistrate court. *Dabrowski v. Tubular Metal Systems, LLC*, 722 F. Supp. 3d 766, 771 (E.D. Mich. 2024) (quoting *Murr v. United States*, 200 4 F.3d 895, 902 n.1 (6th Cir. 2000)). Parties must object "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). And objections must be "specific." Fed. R. Civ. P. 72(b)(2); *see* 28 U.S.C. § 636(b)(1); *see also Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[T]his Court has held that an objection preserves an issue when it 'explains and cites specific portions of the report which counsel deems problematic." (citation omitted)).

"Overly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *see also Solomon v. Michigan Dep't of Corr.*, 478 F. App'x 318, 320 (6th Cir. 2012). So when a plaintiff submits only vague, general, or conclusory objections, the district court may review the R&R for clear error, rather than de novo. *See Slater v. Potter*, 28 F. App'x 512, 513 (6th Cir. 2002); *see also Carter v. Mitchell*, 829 F.3d 455, 472 (6th Cir. 2016) ("In general, 'the failure to file specific

objections to a magistrate[] [judge's] report constitutes a waiver of those objections.'" (citation omitted)).

These limits support judicial economy. *See Thomas v. Arn*, 474 U.S. 140, 147 (1985) ("The Sixth Circuit's decision to require the filing of objections is supported by sound considerations of judicial economy."). Raising specific objections enables district courts to "focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.*; *see Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) (explaining that a "general objection to the entirety of a magistrate's report has the same effects as a failure to object" because it does not focus the district court's "attention . . . on any specific issues for review, thereby making the initial reference to the magistrate useless"). The purpose is to avoid "the magistrate and the district court [from] perform[ing] identical tasks." *Howard*, 932 F.2d at 509; *see Thomas*, 474 U.S. at 147–48 ("The Sixth Circuit's rule, by precluding appellate review of any issue not contained in objections, prevents a litigant from "sandbagging" the district judge by failing to object and then appealing.").

## I. Objections

Plaintiff objects to Judge's Pham's recommendations that this Court (1) dismiss the §§ 1983 and 1985 claims as time barred; (2) reject Plaintiff's "ghost" routing argument; (3) grant quasi-judicial immunity to Defendants Griffin and Jordan; (4) find no state action within the § 1983 claims; (5) dismiss Madison County because Plaintiff failed to plead *Monell* liability; and (6) dismiss the state-law fraud claims. (ECF No. 97.) These objections only warrant clear error review because they are either conclusory, vague, or present issues that Plaintiff did not raise before Judge Pham. And as explained below, each objection lacks merit.

**A. Statute of Limitations**

Plaintiff's first two objections go hand in hand. They both relate to Judge Pham's recommendation that Plaintiff's federal claims are time barred. (*See id.* at PageID 981–82.) Remember, Judge Pham found that the federal claims accrued "at the latest" on January 29, 2024—the day the Tennessee Court of Appeals affirmed the Circuit Court's decision—and Plaintiff waited over a year form that date to sue here on January 30, 2025. (*See* ECF No. 96 at PageID 961.) Plaintiff does not argue that Judge Pham's math is incorrect. Rather, Plaintiff states that he has "now confirmed" that the Tennessee Clerk's Office served him a copy of the appellate decision by physical mail rather than email. (ECF No. 97 at PageID 981.) He also argues that he has "now confirmed" that the Jackson Clerk's Office received and docketed his Complaint on January 30, 2025, and that the Complaint "arrived via bankruptcy routing rather than with the original mailing envelope." (*Id.* at PageID 982.)

Plaintiff did not present this "new evidence" to Judge Pham despite having over fifteen months to do so. So these arguments fall short because Plaintiff failed to present this evidence to Judge Pham in the first instance so he waived this argument. *See Dabrowski*, 722 F. Supp. 3d at 771 (quoting *Murr*, 200 4 F.3d at 902 n.1); *Tulis v. Gerragano*, No. 24-1226, 2025 WL 1805166, at *2 (M.D. Tenn. June 30, 2025) ("[T]he purpose of objections to a report and recommendation is to focus the attention of the district court on possible errors of fact or law contained in the report, not to present new evidence and arguments that were not presented to the magistrate judge in the first instance.") (citation omitted)).

What is more, Plaintiff's arguments contradict his earlier position. In response to Madison County, Griffin, and Jordan's Motions to Dismiss, Plaintiff accepted that the statute of limitations ran on January 24th. (*See* ECF No. 87 at PageID 734–35.) He argued that

"[e]quitable tolling, continuing-violation principles, and federal accrual rules all weight heavily against a mechanical 'one-day-late' dismissal." (*Id.* at PageID 735.) Judge Pham's R&R correctly disposes of these arguments in detail. (ECF No. 96 at PageID 962–66.) And Plaintiff has pointed to no error in Judge Pham's analysis. The Court thus overrules Plaintiff's first two objections.

### B. Quasi-Judicial Immunity

Plaintiff next objects to applying quasi-judicial immunity "at the pleading stage." (ECF No. 97 at PageID 983.) This argument similarly comes up short. Although Plaintiff states that the Court "should require an act-by-act functional analysis" (ECF No. 97 at PageID 983), he does not explain what that analysis would look like or otherwise articulate where Judge Pham might have erred. Nor does he explain why Judicial Assistant Jordan or Assistant Clerk Griffin acted outside of "duties [] functionally comparable to those of a judge." *Hughes v. Duncan*, 93 F.4th 374, 378 (6th Cir. 2024) (citation omitted).

An "objection" that does little more than disagree with a magistrate judge's recommendation "without explaining the source of the error" is not considered proper or "specific." *Howard*, 932 F.2d at 509. At any rate, Judge Pham did not err under any standard of review. He analyzed Plaintiff's allegations and correctly concluded that Jordan and Griffin are entitled to quasi-judicial immunity. So the Court overrules this objection as well.

### C. State Action

Judge Pham found that the Third Amended Complaint failed in part because the § 1983 claims were "brought against private actors." (ECF No. 96 at PageID 968–70.) Plaintiff "objects to the categorical dismissal on this ground at the pleading stage." (ECF No. 97 at PageID 983.) This is another general objection with no legal or factual support. *See Howard*,

932 F.2d at 509. Judge Pham acknowledged that while it is possible for a private actor to be liable under § 1983, "[t]here is no factual basis presented in the pleadings to support that any state actor compelled, significantly encouraged, or coerced the private actor Defendants to take the allegedly unconstitutional action." (ECF No. 96 at PageID 969–70.) This is the correct conclusion based on the pleadings. Finding no error in Judge Pham's analysis and recommendation, the Court overrules Plaintiff's objection.

**D. *Monell* Claim and State-Law Claims**

Plaintiff's final two objections are not really objections at all. He requests leave to amend his *Monell* and state-law fraud claims. (ECF No. 97 at PageID 983.) And if the Court declines to allow Plaintiff to amend his fraud claims, he asks the Court to "decline supplemental jurisdiction . . . and dismiss any remaining state-law claims without prejudice." (*Id.*)

Start with the first request. Rule 15 provides that a court should freely grant leave to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). "If it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend." *Brown v. Matauszak*, 415 F. App'x 608, 614 (6th Cir. 2011) (citation omitted). But granting leave to amend "is not merely a formality, especially in the event of . . . 'repeated failure to cure deficiencies by amendments previously allowed.'" *United States ex rel. Angelo v. Allstate Ins. Co.*, 106 F.4th 441, 454 (6th Cir.), *cert. denied*, 145 S. Ct. 550 (2024) (citation omitted).

Judge Pham gave Plaintiff many chances to plead his case and he amended his complaints three times. And he responded to motions to dismiss and lodged objections to the R&R. "'[E]nough is enough . . . [a] [f]ederal court is not a sounding board for litigants to test various theories until they find one allowing the litigation to continue.'" *Id.* (citation omitted).

The Court will not grant Plaintiff leave to amend his Complaint a *fourth* time to try to cure yet another round of pleading defects. *See id.* ("Our pleading rules—and the district court's discretion to administer them—exist to keep litigants from sandbagging their opponents until they are on notice of what their allegations lack.").

That leaves supplemental jurisdiction. "In determining whether to retain jurisdiction over state-law claims, a district court should consider and weigh several factors, including the 'values of judicial economy, convenience, fairness, and comity.'" *Gamel v. City of Cincinnati*, 625 F.3d 949, 951 (6th Cir. 2010) (citations omitted). A federal court's general practice is to decline supplemental jurisdiction when, as here, no federal claims remain. *See id.* at 952; *Lyndon's LLC v. City of Detroit, Michigan*, No. 23-1895, 2024 WL 3427176, at *3 (6th Cir. July 16, 2024) ("Both federal statutory provisions and our precedent not only permit but encourage district courts to decline to exercise supplemental jurisdiction over state law claims that are left without an anchor when their associated federal claims are dismissed." (citations omitted)).

Despite this general practice, the Court hesitates before dismissing Plaintiff's state claims without prejudice just so that he can keep litigating them in state court. But Defendants' responses to Plaintiff's objections did not argue against dismissal without prejudice. And the Motions to Dismiss filed by those Defendants implicated in the state claims—McHaney, Holmes, Willis, Mysinger, Exum, and McConnell—expressly ask the Court *not* to exercise supplemental jurisdiction. (ECF No. 88 at PageID 757; ECF No. 90-5 at PageID 903 (requesting in the alternative).) The Court will therefore dismiss Plaintiff's state-law claims without prejudice.

## DISPOSITION

Because Plaintiff's objections do not warrant de novo review or otherwise fail on the merits, the Court reviews the R&R for clear error. A finding is clearly erroneous only when, after reviewing the record, the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Reed*, 72 F.4th 174, 190 (6th Cir. 2023) (quoting *United States v. Sands*, 4 F.4th 417, 420 (6th Cir. 2021)). Having reviewed the R&R, the parties' filings, and the record, the Court finds no such error. The Court will therefore adopt Judge Pham's recommendation.

## CONCLUSION

For the reasons above, the Court **ADOPTS** the Judge Pham's R&R and **GRANTS** Defendants' Motions to Dismiss. The Court thus **DISMISSES** Plaintiff's federal claims **WITH PREJUDICE** and dismisses Plaintiff's state-law claims **WITHOUT PREJUDICE**.

**SO ORDERED**, this 3rd day of September, 2026.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE